UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN SECTION

| | | |
|---|---|---|
| MICHAEL CEBULA,<br>Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. |
| CITY OF PITTSFIELD, MICHAEL<br>McHUGH and JASON LABELLE,<br>Defendants. | ) ) ) ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### JURISDICTION AND VENUE

1.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 (2)(3), 1986 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Claims are also asserted under the Massachusetts Tort Claims Act (M.G.L. c. 258), the Massachusetts Civil Rights Act (M.G.L. c. 12, § 11H and I), and common law and statutory law of torts. Jurisdiction is founded upon 28 U.S.C. §§ 1331 (Federal Question), and 1343 (Civil Rights), and the aforementioned statutory and constitutional provisions. 28 U.S.C. § 1367 provides supplemental pendent jurisdiction over state law claims. The Plaintiff further invokes the pendant jurisdiction of the Court to hear and decide the claims arising under State laws. Venue is conferred in accordance with 28 U.S.C. § 1391(b)(1) and (2), as the events at issue occurred in the Western Division of the District of Massachusetts.

2.  The amount in controversy also exceeds Seventy-five Thousand Dollars ($75,000.00), excluding interest and costs.

## PARTIES

3.  The Plaintiff, Michael Cebula, is a natural person who resides at 712 Main Street, Apartment #13, Dalton, Massachusetts 01226.

4.  The Defendant, City of Pittsfield, is a municipal corporation under the Laws of the Commonwealth of Massachusetts, with exclusive control of the Pittsfield Police Department, its agents, servants and employees, and is a public employer within the meaning of M.G.L. c. 258, § 1, with principal offices at 70 Allen Street, Pittsfield, MA 01201.

5.  The Defendant, Michael McHugh, is a natural person who resides at 87 Cascade Street, Pittsfield, Massachusetts 01201, and who, at times material and relevant hereto, acted under the Color of Law, in his capacity as a police officer for the City of Pittsfield, and is being sued individually and in his official capacity.

6.  The Defendant, Jason Labelle, is a natural person who resides at 33 Brickhouse Mountain Road, Pittsfield, Massachusetts 01201.

## FACTUAL ALLEGATIONS

7.  On or about July 4, 2016, the Plaintiff was lawfully situated inside his vehicle, in a residential driveway, located on Casade Street, Pittsfield, Massachusetts.

8.  Suddenly, Michael McHugh, who was dressed in civilian clothing, approached the driver's side of the Plaintiff's vehicle, opened the door, and forcefully pulled the Plaintiff from his truck, pinning one arm behind him, and throwing him face down to the gravel/dirt driveway.

9.   In the process, Michael McHugh identified himself as a Pittsfield Police Officer and displayed his police badge to the Plaintiff, and upon information and belief, also had on his person a Pittsfield Police Department issued service revolver.

10.  At no time did the Plaintiff resist Michael McHugh or disobey his verbal requests.

11.  As the Plaintiff was face down on the gravel/dirt driveway, Michael McHugh had the Plaintiff's arm pulled behind the Plaintiff's back, with his knee on the Plaintiff's back, applying unnecessary and excessive force, with no resistance from Mr. Cebula, causing significant personal injury to the Plaintiff.

12.  The Plaintiff was not resisting and was completely subdued, yet, Michael McHugh proceeded to push the Plaintiff's face into the gravel/dirt driveway, forcibly kneeing the Plaintiff in his back area, repeatedly.

13.  As the Plaintiff was still face down on the driveway and subdued by Michael McHugh, the Defendant, Jason Labelle, appeared next to the Plaintiff and proceeded to repeatedly kick the Plaintiff in his body, including his rib cage/mid torso section and head areas.

14.  As Jason Labelle was kicking the Plaintiff, Michael McHugh had the opportunity to protect Michael Cebula, but did not attempt to interfere, verbally or physically, in order to prevent Jason Labelle from inflicting severe personal injuries on the Plaintiff.

15.  As a result of the physical blows to the Plaintiff's head, he was eventually unconscious for a period of time.

16.  The Plaintiff was not allowed to leave and, eventually, several Pittsfield Police Officers arrived at the scene, and despite his severe personal injuries, (see Exhibit 1 – Photographs of Michael Cebula), request for medical assistance, and period of unconsciousness, the Plaintiff was required to undergo field sobriety tests.

17. The Plaintiff reported to officers, at the scene, as well as after his arrest, on route to the Pittsfield Police Department, and at the Pittsfield Police Department, that he was injured and needed medical attention.

18. Eventually, after the formal booking/intake process, the Plaintiff was transported by cruiser to the Berkshire Medical Center, where he was admitted as an inpatient, and remained for approximately eight (8) days to treat his severe injuries, including several fractured ribs, facial contusions, a fractured vertebrae and other injuries.

19. Subsequent to the Plaintiff's arrest, he was charged and prosecuted for operating under the influence of alcohol, disturbing the peace, and possessing an open container of alcohol in his vehicle, requiring him to retain legal counsel, and eventually proceed to trial, where he was ultimately acquitted of all charges.

20. The Defendant, Michael McHugh, drafted a police report that served as the basis for a criminal complaint application against the Plaintiff for the aforementioned charges set forth in paragraph 19 of this Complaint.

21. The Defendant, Michael McHugh, deliberately falsified some or all of the allegations that led to the issuance of a Complaint for the aforementioned charges.

22. On March 30, 2018, the Plaintiff was acquitted of the charge of operating under the influence, and the separate charges were voluntarily dismissed by the Commonwealth prior to trial.

23. Upon information and belief, at all pertinent times, the Defendant, City of Pittsfield, and its policy makers, knew of their legal duty to train, supervise, monitor and discipline members of the police force to observe and adhere to the rights of individuals, including their right to be free from the use of excessive force at the hands of the police.

24. Upon information and belief, at all pertinent times, the Defendant, City of Pittsfield, its policy makers, and the Pittsfield Police Department, failed to monitor, train, supervise, control and discipline the Defendant, Michael McHugh, in the use of force with such recklessness and gross negligence as to constitute deliberate indifference to the rights of individuals, including the Plaintiff, to be free from excessive force.

25. Upon information and belief, prior to the incident of July 4, 2016, the Defendant, City of Pittsfield, its policy makers, and the Pittsfield Police Department, were aware of complaints and claims alleging use of excessive force and other civil rights violations, on the part of Michael McHugh, individually, and/or in his individual capacity, but upon information and belief, such allegations did not result in substantive investigation into such incidents or discipline of Michael McHugh.

26. Also, subsequent to the assault and battery committed upon the Plaintiff and his arrest, the Pittsfield Police Department Internal Affairs Division and Criminal Investigation Unit conducted an investigation into the assault and battery allegations involving the Defendant, Michael McHugh.  A criminal investigation was also conducted relative to the actions of Jason Labelle.

27. Following a Grand Jury investigation, Michael McHugh was charged with multiple criminal charges, including assault and battery with a dangerous weapon, assault, filing a false arrest report, and witness intimidation.

28. Following a Grand Jury Investigation, Jason Labelle was charged with multiple criminal charges, including assault and battery, assault and battery with a dangerous weapon, and misleading/intimidation of a court officer, including a Clerk Magistrate and Judge, during a show cause hearing, and abuse prevention order hearing.

## COUNT I
## VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983 – EXCESSIVE FORCE)
## (MICHAEL McHUGH)

29. The Plaintiff incorporates herein by reference paragraphs 1 through 28 of this Complaint.

30. 42 U.S.C. § 1983 provides that:

"[E]very person, who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceedings for redress...."

31. The Plaintiff, Michael Cebula, is a citizen of the United States, and Michael McHugh is a person for purposes of 42 U.S.C. § 1983.

32. At all times material and relevant hereto, the Plaintiff had a clearly established Constitutional Right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

33. The Plaintiff also had a clearly establish Constitutional Right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

34. Any reasonable police officer knew, or should have known, of these rights at the time of the complained conduct, as they were clearly established at that time.

35. Michael McHugh knew, or should have known, of these rights at the time of the complained conduct, as they were clearly established at that time.

36. The Defendant, Michael McHugh's, actions in the use of force as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and his actions violated the Fourth Amendment Rights of the Plaintiff.

37. The Defendant, Michael McHugh's, actions and use of force as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to

Mr. Cebula's federally protected rights. The force used by Michael McHugh shocks the conscience and violated the Fourth Amendment Rights of the Plaintiff.

38. The Defendant, Michael McHugh, also unlawfully seized Mr. Cebula by means of objectively unreasonable, excessive and conscious, shocking physical force, thereby unreasonably restraining Mr. Cebula of his freedom and liberty, in violation of the Fourth and Fifth Amendment Rights of the Plaintiff.

39. The force used by the Defendant constituted excessive force that caused serious bodily injury and emotional distress.

40. The Defendant, Michael McHugh, engaged in the conduct described herein willfully, maliciously, in bad faith, and in reckless disregard of Mr. Cebula's federally protected Constitutional Rights.

41. The Defendant, Michael McHugh, did so with shocking and willful indifference to the Plaintiff's rights and his conscience awareness that he would cause the Plaintiff severe physical and emotional injuries.

42. The acts or omissions of the Defendant, Michael McHugh, were the moving force behind some or all of the Plaintiff's substantial injuries.

43. The Defendant, Michael McHugh, acted in concert with and in joint action with the Co-defendant, Jason Labelle, and/or other officers of the Pittsfield Police Department.

44. The acts or omissions of the Defendant, Michael McHugh, as described herein, intentionally deprived the Plaintiff of his Constitutional Rights and caused him other damages and harm.

45. The Defendant, Michael McHugh, is not entitled to qualified immunity for the conduct complained of herein.

46. The Defendant, Michael McHugh, at all times relevant hereto was acting pursuant to Municipal/Department custom, policy, decision, ordinance, regulation, usage, or practice in his actions pertaining to the Plaintiff.

47. On or about July 4, 2016, Michael McHugh acted under the Color of State Law, by announcing himself to the Plaintiff as a Pittsfield Police Officer, displaying his officer badge, and by arresting and assaulting the Plaintiff, despite not being in uniform.

48. The actions or omissions and wrongful conduct of Michael McHugh were conducted within the scope of his duties of employment, as a member of the City of Pittsfield Police Department.

49. The Defendant, Michael McHugh, while acting  Under the Color of Law, deprived the Plaintiff of rights and guarantees by the United States Constitution, including the Fourth, Fifth, and Fourteenth Amendments, and his actions constituted excessive and unnecessary force.

50. In addition to compensatory, economic, consequential  and special damages, the Plaintiff is entitled to punitive damages against the Defendant, Michael McHugh, under 42 U.S.C. § 1983, in that his actions have been taken maliciously, willfully and/or with a reckless or wanton disregard of the Constitutional Rights of the Plaintiff.

51. The Plaintiff is further entitled to a recovery or an award of attorney fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest, and further costs, as allowable by this Court.

52. The actions of the Defendant, Michael McHugh, were conducted in such a manner as to subject the Plaintiff to said deprivations intentionally, willfully, and knowingly, maliciously, and/or purposefully.

53. As a direct and proximate result of the wrongful conduct, acts and omissions of the Defendant, Michael McHugh, the Plaintiff was significantly injured and caused to suffer severe and permanent physical and psychological injuries and harm, associated pain and suffering, emotional distress, aggravation of pre-existing conditions, and was caused to incur expenses for medical care and treatment and was prevented from conducting his usual and general activities of daily living and employment and was otherwise damaged. (See Exhibit 1 – Photographs of Michael Cebula).

<u>**COUNT II**</u>
<u>**CONSPIRACY TO VIOLATE FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)**</u>
<u>**(MICHAEL McHUGH)**</u>

54. The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 53 of this Complaint.

55. As part of the arrest procedure and protocol of the Plaintiff, Michael Cebula, the Defendant, Michael McHugh, prepared a police report narrative containing false information and untruths concerning the subject incident and subsequent arrest.

56. The Defendant, Michael McHugh, also conspired with the Defendant, Jason Labelle, and/or other individuals, to falsify testimony provided during a criminal investigation, and to falsify information submitted in the police report.

57. Upon information and belief, when Michael McHugh called the Pittsfield Police Department on a recorded line to speak with Sergeant Lenihan, Michael McHugh fabricated his conversation/recording to assert that the Plaintiff was resisting efforts to restrain him.

58. Upon information and belief, Michael McHugh staged the Plaintiff's truck passenger compartment and console by placing empty bottles of Twisted Tea in the cupholder and, thereafter, requested Officer Gariepy or Officer Maddalena to photograph the console area.

59. Upon information and belief, the Defendant, Michael McHugh, provided false statements to the officers involved in the Internal Affairs Investigations, and further mislead the officers who arrived on scene on July 4, 2016, and/or in later conversations with some of those officers.

60. As a direct and proximate result of the Defendant, Michael McHugh's, conspiracy with Jason Labelle, and/or others affiliated with the Pittsfield Police Department, to violate the Plaintiff's rights as provided for under the United States Constitution, including the Fourth, Fifth, and Fourteenth Amendments, the Plaintiff, Michael Cebula, has been irreparably harmed and damaged.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (MICHAEL McHUGH)

61. The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 60 of this Complaint.

62. The aforementioned actions of the Defendant, Michael McHugh, as directed against the Plaintiff, were intentional or reckless in nature, and thereby caused the Plaintiff to suffer emotional distress, resulting in medical care and treatment.

63. The actions of the Defendant, Michael McHugh, were committed with the intent to inflict emotional distress.

64. The Defendant, Michael McHugh, knew or should have known, that emotional distress was a likely result from his conduct.

65. The conduct of the Defendant, Michael McHugh, was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

677833.1

66. As a direct and proximate result of the conduct of the Defendant, Michael McHugh, the Plaintiff was caused to suffer emotional distress, which was severe and of such a nature that no reasonable person would be expected to endure it and was otherwise damaged.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (MICHAEL McHUGH)

67. The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 66 of this Complaint.

68. The Defendant, Michael McHugh, owed a duty of reasonable and professional care to the Plaintiff and breached that duty during the arrest and seizure of the Plaintiff.

69. The Defendant, Michael McHugh's, negligent actions caused the Plaintiff to suffer emotional distress proximately caused by his actions and/or inactions resulting in physical harm to the Plaintiff manifested by objective symptomology and a reasonable person would have suffered emotional distress under the circumstances described herein.  (See Exhibit 1 – Photographs of Michael Cebula).

## COUNT V
## MASSACHUSETTS CIVIL RIGHTS VIOLATION – M.G.L. c. 12, § 11H
## AND 11I
## (MICHAEL McHUGH)

70. The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 69 of this Complaint.

71. Massachusetts G.L. c. 12, § 11H provides, in pertinent part, that: "whenever any person … whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or  coercion, with the exercise or enjoyment by any other person or persons of rights secured by the

constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth ... may bring a civil action ...."

72. Massachusetts G.L. c. 12, § 11I, provides, in pertinent part: "[A]ny person whose exercise or enjoyment of rights secured by the constitution or lof the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in Section 11H, may institute and prosecute in his own name and on his own behalf a civil action for ... relief as provided for in said section, including the award of compensatory money damages.  Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award sf the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court."

73. On or about July 4, 2016, the Defendant, Michael McHugh, by threats, intimidation, and/or coercion, interfered with or attempted to interfere with the Plaintiff's exercise or enjoyment of his rights as secured by the Constitution, and/or the laws of the United States  and the Commonwealth of Massachusetts and to be free from  unlawful arrest, seizure and/or excessive force.

74. As a direct and proximate result of the actions of the Defendant, Michael McHugh, the Plaintiff suffered serious personal injuries,  (Exhibit 1- Photographs of Michael Cebula),  and emotional distress, and was caused to incur medical expenses and other damages.

**COUNT VI**
**42 U.S.C. § 1983 ABUSE OF PROCESS**
**(MICHAEL McHUGH)**

75. The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 74 of this Complaint.

76. On or about July 4, 2016, the Defendant, Michael McHugh, used legal process by asserting his lawful and/or purportedly lawful authority as a police officer for an

ulterior purpose in arresting the Plaintiff, which resulted in physical, personal, and financial injury and harm to the Plaintiff.

77. As a result of the Defendant's actions, the Plaintiff was charged criminally with, among other charges, operating under the influence of alcohol, which resulted in the Plaintiff having to hire legal counsel to defend the criminal charge, and other charges, and ultimately received an acquittal after a trial by jury.

78. The Plaintiff further asserts that the criminal charges were instituted in an effort to cover up and silence any potential civil complaint arising out of the actions of the Defendant, as directed at the Plaintiff, inclusive of excessive force and brutality.

79. As a direct and proximate result of the actions of Michael McHugh, the Plaintiff suffered financial loss and hardship, as well as loss to his reputation and defamation of character and other damages.

## COUNT VII
## 42 U.S.C. § 1983 - MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
## (MICHAEL McHUGH)

80. The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 79 of this Complaint.

81. The Plaintiff, Michael Cebula, in this action is a citizen of the United States and the Defendant, Michael McHugh, is a person for purposes of 42 U.S.C. § 1983.

82. The Defendant, Michael McHugh, at all times relevant hereto, was acting under the Color of State Law in his capacity as a police officer for the City of Pittsfield, and his acts or omissions were conducted within the scope of his duties or employment.

83. At the time of the complained of events, the Plaintiff had the clearly established Constitutional Right to be free from malicious prosecution without probable cause

under the Fourth Amendment and in violation of due process, the Fourteenth Amendment.

84. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

85. The Defendant, Michael McHugh, violated Mr. Cebula's Fourth and Fourteenth Amendment Rights to be free from malicious prosecution without probable cause or without due process when he worked in concert with others to secure false charges against the Plaintiff resulting in his unlawful arrest and prosecution.

86. The Defendant, Michael McHugh, conspired and/or acted in concert with others to institute, procure, and continue a criminal proceeding against Mr. Cebula without probable cause or legal justification.

87. The Defendant, Michael McHugh, engaged in the conduct described by this Complaint, willfully, malicious, in bad faith, and in reckless disregard of Mr. Cebula's Federally protected Constitutional Rights.   The procurement of prosecution against Mr. Cebula for the known false allegations of Operating Under the Influence of Alcohol, Disorderly Conduct, and an Open Container charge, were malicious, shocking and objectively unreasonable in light of the circumstances.

88. The Defendant, Michael McHugh, maliciously instituted a criminal proceeding by completing a falsified police report and criminal complaint against the Plaintiff, resulting in financial and emotional harm to the Plaintiff.

89. The Defendant, Michael McHugh, instituted the criminal complaint using fabricated evidence and collusion, thereby lacking probable cause.

90. The institution of the criminal proceeding was done with malice and ulterior motive.

91. The criminal proceeding ultimately terminated by way of a jury trial in favor of the Plaintiff, Michael Cebula.  Also, the Commonwealth dismissed two of the charges (i.e. Disorderly Conduct and Open Container) without any compromise by the Plaintiff, reflecting a prosecutorial judgment that such charges could not be proven beyond a reasonable doubt.

92. The Defendant, Michael McHugh, acted in concert and joint action with Jason Labelle and/or other Pittsfield Police Officers.

93. The acts or omissions of the Defendant, Michael McHugh, as described herein intentionally deprived the Plaintiff of his Constitutional and Statutory Rights and caused him other damages and harm. (See Exhibit 1- Photographs of Michael Cebula).

94. The Defendant, Michael McHugh, is not entitled to qualified immunity for the complained of conduct.

95. As a direct and proximate result of the Defendant, Michael McHugh's, actions, the Plaintiff suffered severe personal injuries, emotional distress, financial harm and was otherwise harmed and damaged.

## COUNT VIII
## VIOLATION OF DEPARTMENT MANUAL OF RULES AND REGULATIONS
## (MICHAEL MCHUGH)

96. The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 95 of this Complaint.

97. The City of Pittsfield prepared and established a formal written manual of Rules and Regulations for the Administration of Pittsfield Police Department and a Police Manual for the Police Department.

98. The effective date of the Manual of Rules and Regulations, ("the Manual"), was September 4, 2013, and is in full force and effect and was so, back on or about July 4, 2016, having been approved by acting Chief of Police, Michael J. Wynn.

99. Each officer with the City of Pittsfield Police Department is required to acknowledge receipt of a copy of the Manual of Rules and Regulations and formally sign off on such acknowledgement.

100.   A copy of the officer's acknowledgement of receipt of the Manual of Rules and Regulations is to be maintained and/or filed in the appropriate department file, such as the officer's personnel folder.

101.   Michael McHugh received and acknowledged receipt of a copy of the Manual of Rules and Regulations.

102.   Part of the Manual requires adhering to the law and fair and impartial exercise of such police authority, as well as ethical performance of their duties to ensure both Departmental integrity and essential public support and confidence.

103.   The Manual also provides that "officers must obey the law, exercise their responsibilities within constitutional guidelines, and obey lawful orders."

104.   The Manual further provides that "[i]t is only fair that officers have some way of knowing in advance (i.e. the Manual guidelines) what is expected and what conduct is prohibited."

105.   The Manual also provides for 'the necessity for reasonable restrictions of … off duty conduct, especially where it reflects on …[the] profession of the Department."

106.   The Manual further provides that the Manual attempts to outline the minimal level of conduct expected of each officer and that "[f]amiliarity with its contents is required," and that the Pittsfield Police Department "expects officers to adhere to this code of conduct."

107.  The Manual also provides a "Law Enforcement Code of Ethics" which provides, in pertinent part, a "fundamental duty … to serve mankind; to safeguard lives …; to protect the innocent against deceptions, the weak against oppression or intimidation … and to respect the Constitutional Rights of all individuals to liberty, equality and justice."

108.  The "Law Enforcement Code of Ethics" further provides that officers agree to "enforce the law courteously and appropriately without … favor, malice or ill will, never employing unnecessary force or violence…."

109.  The Manual provides under Section 4.0 – "Professional Conduct And Responsibilities," that "professional responsibilities of police officers include but are not limited to:

(a) the protection of life, safety and the safeguarding of property;
(b) the prevention and control of crime; … [and]
(c) the accomplishment of all police objectives within the law and the constitutional guarantees of all citizens."

110.  The Manual also provides that all officers/employees "are required to obey all lawful statutes as well as regulations established by the Department."

111.  The Manual provides under Section 5.0 – "Negligence of Duty," in pertinent part, that police officers "must take suitable and appropriate police action regardless of whether they are on or off duty, when any crime, public disorder, or other incident requires police attention or service, and they are capable of responding."

112.  The Manual also provides that "[e]mployees shall speak the truth at all times when on duty or when discussing a matter arising out of or related to the employee's duties or the operation, organization or business of the Department."

113.   The Manual further provides that "[p]olice officers … are expected to be familiar with and comply with all lawful orders, rules and regulations, and policies and procedures issued by the Department."

114.   The Manual further provides that officers are required to cooperate with investigators and "shall  answer questions truthfully, respond to lawful orders, and render material and relevant statements, in an internal department investigation when such orders, questions and statements are directly related to job responsibilities or fitness for duty."

115.   The Manual also provides that "[e]mployees shall promptly, truthfully and accurately complete all reports and forms" and that they "shall not knowingly enter or cause to be entered upon a police report or police record any inaccurate, false or improper information."

116.   The Manual also provides that officers/employees "shall not report for duty or be on duty while under the influence of intoxicating liquor or with an odor of alcoholic beverage on their breath."

117.   The Defendant, Michael McHugh, received and acknowledged receipt of the Manual of the Rules and Regulations.

118.   The Defendant, Michael McHugh, was obligated to read and be familiar with the Manual procedures as required by the Manual.

119.   The Defendant, Michael McHugh, violated the Manual provisions and "Law Enforcement Code of Ethics" of the Pittsfield Police Department, by, among other things, officially announcing himself as a police officer on or about July 4, 2016, thereby acting under the Color of State Law, while being under the influence of alcohol, and using unnecessary and excessive force on the Plaintiff and further failing to prevent the Co-defendant, Jason Labelle, from inflicting serious physical harm to the Plaintiff.

120.    The Defendant, Michael McHugh, further violated the Manual provisions by creating a false and misleading police report and by being untruthful in the Department Internal Affairs Investigation and/or criminal investigation resulting in harm to the Plaintiff resulting in emotional and physical harm and other damages.

121.    Michael McHugh's direct violations of Department policies and procedures were done negligently or intentionally to the determent of the Plaintiff.

**COUNT IX**
**VIOLATION OF  POLICIES AND PROCEDURES OF POLICE MANUAL FOR THE POLICE DEPARTMENT OF THE CITY OF PITTSFIELD (MICHAEL MCHUGH)**

122.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 121 of this Complaint.

123.    The City of Pittsfield  Police Department also promulgated, prepared and established a set of "Rules And Regulations For The Government Of The Police Department of The City of Pittsfield" that was in effect during Michael McHugh's employment tenure and on or about July 4, 2016.

124.    The Rules and Regulations provide that "[t]echnically a police officer is subject to call at all times."

125.     The Rules and Regulations provide further that "[s]everal professional responsibilities, include taking appropriate action to:

1.  protect life and property;
2.  preserve the peace;
3.  prevent crime [and];
4.  detect and arrest violators of the law …."

126.    The Rules and Regulations also provide that police officers "shall truthfully state the facts in all reports as well as when he/she appears before any judicial, departmental, or other official investigation, hearing, trial or proceeding."

127.    The Rules and Regulations further note that when effectuating an arrest, "[o]nly necessary restraint to assure safe custody … shall be employed. The arresting officer is [also] responsible for the safety and protection of the arrested person while in his/her custody.   He/she shall notify the transporting officers of any injury, apparent illness, or other condition, which indicates the arrested person may need special care."

128.    The Rules and Regulations also provide "Prohibited Conduct" to include, among other things: conduct unbecoming to any officer, whether on duty or off duty; unnecessary force, intoxication while on duty;  making false official reports or knowingly entering or causing to be entered in any departmental book, record or reports, any inaccurate, false, or improper police information or other materials matters; withholding criminal information; and avoid entering into civil disputes "but shall prevent or abate a breach of the peace or crime in all such cases."

129.    Pittsfield Police Officers, including Michael McHugh, are issued a copy of this police manual, "Rules and Regulations," and per the Rules and Regulations, "are responsible for its maintenance and knowledge of its content or inserts …."

130.    The Rules and Regulations provide further that, among other things, police officers are to aid individuals who are in danger of physical harm, and promote and preserve the peace.

131.    The Defendant, Michael McHugh, knew or should have known, on July 4, 2016, of his affirmative duties and obligations, as set forth in the Rules and Regulations when acting in his capacity as a Pittsfield Police Officer, and the affirmative obligation to prevent injury to the Plaintiff, either through his own actions of

excessive force, or the actions of the Co-defendant, Jason Labelle, committed in his presence.

132.    The Defendant, Michael McHugh, violated specific policies and procedures set forth the Rules and Regulations designed to protect the public, including the Plaintiff, Michael Cebula, from harm and injury.

133.    The Defendant, Michael McHugh's violations and failure to adhere to the Rules and Regulations resulted in a violation of the Plaintiff's constitutional, statutory, and/or common law rights, and caused the Plaintiff severe personal injuries, emotional harm and other damages.

## COUNT X
## ASSAULT AND BATTERY
## (JASON LABELLE)

134.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 133 of this Complaint.

135.    On July 4, 2016, without legal cause, justification or provocation, the Defendant, Jason Labelle, committed an intentional and unlawful assault and battery on the person of the Plaintiff, resulting in serious physical injuries and emotional distress.

136.    As a direct and proximate result of the actions of the Defendant, Jason Labelle, the Plaintiff suffered severe personal injuries, emotional distress, incurred medical expenses for care and treatment of his injuries and was otherwise harmed.  (See Exhibit 1 – Photographs of Michael Cebula).

## COUNT XI
## ASSAULT AND BATTERY DANGEROUS WEAPON
## (JASON LABELLE)

137.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 135 of this Complaint.

677833.1

138.    On or about July 4, 2016, without legal cause, justification or provocation, the Defendant, Jason Labelle, committed an intentional assault and battery on the person of the Plaintiff with the use of a dangerous weapon, a shod foot/footwear, resulting in severe physical injury and emotional distress.  (See Exhibit 1 – Photographs of Michael Cebula).

139.    As a direct and proximate result of the actions of the Defendant, Jason Labelle, the Plaintiff suffered severe personal injuries, emotional distress, incurred medical expenses for care and treatment of his injuries and was otherwise harmed.

### COUNT XII
### MASSACHUSETTS CIVIL RIGHT VIOLATION – M.G.L. c. 12, § 11H AND I
### (JASON LABELLE)

140.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 139 of this Complaint.

141.    On or about July 4, 2016, the Defendant, Jason Labelle, by threats, intimidation, and/or coercion, interfered with, or attempted to interfere with, the Plaintiff's exercise or enjoyment of his rights as secured by the Constitution, and/or the laws of the United States  and the Commonwealth of Massachusetts.

142.    As a direct and proximate result of the deliberate actions of the Defendant, Jason Labelle, the Plaintiff suffered serious personal injuries and emotional distress, was caused to incur medical expenses and other damages.

### COUNT XIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (JASON LABELLE)

143.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 142 of this Complaint.

144.    The Defendant, Jason Labelle, owed a duty to exercise reasonable care towards the Plaintiff and to refrain from causing physical harm and injury to the Plaintiff on or about July 4, 2016.

145.    The Defendant, Jason Labelle's, negligent actions caused the Plaintiff to suffer emotional distress proximately caused by his actions, resulting in physical harm to the Plaintiff manifested by objective symptomology and a reasonable person in the Plaintiff's position would have suffered emotional distress under the circumstances described herein.

## COUNT XIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (JASON LABELLE)

146.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 145 of this Complaint.

147.    The aforementioned actions of the Defendant, Jason Labelle, as directed against the Plaintiff, were intentional or reckless in nature, and thereby caused the Plaintiff to suffer emotional distress, resulting in medical care and treatment.

148.    The actions of the Defendant, Jason Labelle, were committed with the intent to inflict emotional distress.

149.    The Defendant, Jason Labelle, knew or should have known that emotional distress was a likely result from his conduct.

150.    The conduct of the Defendant, Jason Labelle, was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

151.    As a direct and proximate result of the conduct of the Defendant, Jason Labelle, the Plaintiff was caused to suffer emotional distress, which was severe and of such a nature that no reasonable person would be expected to endure it.

## COUNT XV
## NEGLIGENCE
## (JASON LABELLE)

152.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 151 of this Complaint.

153.    On or about July 4, 2016, the Defendant, Jason Labelle, acted negligently, resulting in personal injuries, emotional distress and associated damages to the Plaintiff.

## COUNT XVI
## M.G.L. C. 258 – NEGLIGENCE -  (MASSACHUSETTS TORT CLAIMS ACT)
## (CITY OF PITTSFIELD)

154.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 153 of this Complaint.

155.    At all times material and relevant hereto, the Defendant, Michael McHugh, was acting in his capacity as a police officer, under the Color of Law State Law, with the Pittsfield Police Department, which Department is overseen by the City of Pittsfield.

156.    The City of Pittsfield is a public employer, governed by M.G.L. c. 258.

157.    On or about July 4, 2016, Michael McHugh, while acting as an officer and/or agent of the Pittsfield Police Department, acted negligently in arresting the Plaintiff, which resulted in physical and emotional injuries to the Plaintiff.

158.   By letter dated June 20, 2017, Presentment of Claim was submitted to the City of Pittsfield, via Certified Mail, in accordance with M.G.L. c. 258, § 4 (See Exhibit 2).

159.   Despite the formal Presentment, no written reply or response was submitted on behalf of the City of Pittsfield.

160.   By letter dated June 29, 2018, a Supplemental Presentment of Claim, pursuant to M.G.L. c. 258, § 4, was submitted to the City of Pittsfield via Certified Mail.  (See Exhibit 3).

161.   Again, no reply or response was submitted on behalf of the City of Pittsfield.

162.   Pursuant to M.G.L. c. 258, § 2, "[p]ublic employers shall be liable for … personal injury … caused by the negligent or wrongful act or omission of any public employee while within the scope of his office or employment…."

163.   At the time Officer McHugh formally announced himself as a police officer and displayed his police badge, he had consumed alcoholic beverages earlier that day or evening.

164.   Officer McHugh had a duty to act in accordance with the law and his police training when effectuating the Plaintiff's arrest and to refrain from using unnecessary or excessive force in the process.

165.   The Defendant, Officer McHugh, acted negligently by breaching his duty owed to the Plaintiff with the use of unnecessary and/or excessive force, and after having consumed alcohol, resulting in significant and permanent personal and emotional injuries to the Plaintiff.

**COUNT XVII**
**42 U.S.C. § 1983 – FAILURE TO DISCIPLINE AND TRAIN**
**(CITY OF PITTSFIELD)**

166.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 165 of this Complaint.

167.    Prior to July 4, 2016, the Defendant, City of Pittsfield, developed and maintained policies and customs which exhibited deliberate indifference to the rights of individuals in Pittsfield.

168.    Upon information and belief, the City of Pittsfield did not require appropriate in-service training or re-training of its officers who were known to use excessive and unnecessary force during civilian encounters, while in uniform, or when not in uniform, but acting under the Color of Law.

169.    Upon information and belief, the above-described policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant, City of Pittsfield, and were a cause of a violation of the Plaintiff's lawful right as alleged herein.

170.    As a direct and proximate result of the above-described violation of rights by the City of Pittsfield, the Plaintiff was caused to suffer great pain of body and mind and was otherwise damaged.

## COUNT XVIII
## CONSPIRACY TO VIOLATE FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983) (CITY OF PITTSFIELD)

171.    The Plaintiff, Michael Cebula, restates and incorporates herein by reference paragraphs 1 through 170 of this Complaint.

172.    On or about July 4, 2016, agents of the Pittsfield Police Department conspired to violate the Plaintiff's civil rights and fabricate evidence and cover up the wrongful acts of Michael McHugh.

173.    Officer Shawn Gariepy was the officer in charge of the zone or section of Pittsfield, including Cascade Street, on the evening in question.

174.    Despite Officer Shawn Gariepy being the officer in charge of the arrest of the Plaintiff and the one who administered the field sobriety tests to the Plaintiff, upon information and belief, Sergeant Lenihan instructed Michael McHugh to prepare the arrest report.

175.    As a result of the arrest report prepared by Michael McHugh, a complaint application issued against the Plaintiff.

176.    Upon information and belief, when the Plaintiff arrived at the station after being arrested and transported by Officer Gariepy, the audio and video apparatus and equipment for booking purposes and procedures were allegedly not operable.

177.    When the Plaintiff was ultimately transported from the Pittsfield Police Department to the Berkshire Medical Center emergency room shortly after his arrest and booking, and still in the custody of Officer Gariepy, his clothing and personal belongings were inventoried and bagged, including his tee shirt he was wearing.

178.    When the Plaintiff was removed from the emergency room  and still in the custody of Officer Gariepy, Officer Murphy or other Pittsfield Police officers, and asked for his personal belongings bag to retrieve his glasses, he observed that his tee shirt was missing.

179.    Despite efforts by Berkshire Medical Center staff to locate the tee shirt, the tee shirt was never found, even though it had been inventoried.

180.    As a direct and proximate result of the conspiracy on the part of the agents of the City of Pittsfield, the Plaintiff was harmed and damaged and critical evidence was lost, mishandled, and/or not preserved, thereby prejudicing the Plaintiff and his claims.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants jointly and severally on all counts of this Complaint and:

    (a)  Award compensatory damages;

    (b)  Award punitive damages;

    (c)  Award interest and costs of this action to Plaintiff;

    (d)  Award attorneys' fees to Plaintiff; and

    (e)  Award such other relief which this Court deems reasonable and just.

PLAINTIFF DEMANDS A TRIAL BY JURY.


FOR THE PLAINTIFF,
MICHAEL CEBULA


By: /s/ Barry M. Ryan
Barry M. Ryan, Esquire
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, Massachusetts 01144-1900
Telephone: (413) 733-3111
Telecopier: (413) 734-3910
BBO #: 547336
E-mail: bryan@dwpm.com


Dated:  July 2, 2019